IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY COYE BARTEE, #1220247, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-2176-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process pending preliminary screening.

Statement of Case: In 2004, a jury convicted Petitioner of possession of a controlled substance. Punishment was assessed at thirty years' imprisonment. *State v. Bartee*, No. 00-00-28883-CR (13th Dist. Court, Navarro County Feb. 25, 2004). Petitioner did not appeal.

In May 2007, Petitioner unsuccessfully filed a motion for leave to file an out-of-time appeal, which the Tenth Court of Appeals dismissed for want of jurisdiction. *Bartee v. State*,

No. 10-07-00150-CR (Tex. App., Waco, May 30, 2007).[1]  On December 12, 2007, Petitioner sought the same relief through a post-conviction habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See* Attachment for cover page of the art. 11.07 writ, reflecting the filing date.  On April 16, 2008, the Texas Court of Criminal Appeals denied relief.  *Ex parte Bartee*, No. WR-69,425-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =258042.

In his federal petition, filed on December 9, 2008, Petitioner alleges he was denied a direct appeal when his counsel failed to perfect a direct appeal as he had informed him to do. (Pet. at 7).[2]

On December 11, 2008, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds.  In response, Petitioner claims that the one-year statute of limitations "does not apply to his petition because he is not attacking [h]is conviction[,] but is in fact requesting that he be granted an out-of-time appeal because he was denied his Sixth Amendment right . . . to the effective assistance of counsel" when counsel failed to perfect a direct appeal as Petitioner had directed him to do."  (Pet's Response at 1-2).  He requests that his case be "ordered back to the state court to the stage where

---

[1] The docket sheet is available at http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=8458.

[2] For purposes of this recommendation, the petition is deemed filed on December 2, 2008, the date Petitioner signed it and presumably placed it in the prison mail.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

the petitioner may proceed with an appeal from the conviction . . . ." (*Id.* at 3).

Findings and Conclusions: State criminal defendants do not have a federal right to appeal their convictions. *McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 915 (1894). Nevertheless, in states such as Texas that provide a statutory right to appellate review, the Supreme Court has recognized that defendants are entitled to the effective assistance of counsel in pursuing an appeal as of right. *Douglas v. California,* 372 U.S. 353, 356-357, 83 S.Ct. 814, 816 (1963); *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 836 (1985); *Lofton v. Whitley,* 905 F.2d 885, 887 (5th Cir.1990).

Petitioner contends that he is not challenging his underlying criminal conviction, but merely requesting that the state court be ordered to grant him an out-of-time criminal appeal. The Supreme Court has not recognized that state defendants have a right to an-out-of time direct appeal separate from a claim of ineffective assistance of counsel challenging their underlying criminal conviction. Petitioner's request for an out-of-time appeal fails to raise a stand-alone, federal claim and should, therefore, be denied. *See* 28 U.S.C. § 2254 (providing that state inmates may seek habeas relief only for violations "of the Constitution or laws or treaties of the United States.").

Liberally construed the petition appears to seek mandamus type relief, in the form of an order directing the state court to grant Petitioner an out of time direct appeal. (Pet's Response at 3). Such a request should likewise be denied. Federal courts lack the authority to mandamus state courts in the performance of their duties. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The court addresses next Petitioner's habeas corpus petition insofar as it raises an

ineffective assistance of counsel claim in the context of his underlying criminal conviction. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief under § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claim of ineffective assistance of counsel. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting Petitioner's ineffective assistance claim could have been discovered, through the exercise of due diligence, by the time the time to file a direct appeal had expired. Therefore, the court calculates the one-year statute of limitations from the date on which Petitioner's conviction became final upon the expiration of the time for seeking appellate review. *See* 28 U.S.C. § 2244(d)(1)(A).

Since Petitioner did not file a direct appeal, his state conviction became final at the latest

4

on March 26, 2004, thirty days after entry of the judgment of conviction. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run the next day, and expired on March 25, 2005. Clearly, the federal petition, deemed filed as of December 2, 2008, is untimely absent equitable tolling.[3]

In response to the court's show cause order, Petitioner asserts that counsel rendered ineffective assistance in failing to perfect a direct appeal. (Pet's response at 1-2).

Insofar as Petitioner requests equitable tolling, his claims lack any merit. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

While a counsel's failure to perfect a direct appeal may constitute ineffective assistance of counsel, it does not justify equitable tolling. Since counsel's conduct in failing to perfect a direct appeal occurred before the date on which Petitioner's convictions became final – i.e. before the one-year period even began to run – it has no bearing on whether the one-year period should be equitably tolled. In *Molo v. Johnson,* 207 F.3d 773, 775-76 (5th Cir. 2000), the Fifth Circuit stated:

---

[3] In *Jimenez v. Quarterman*, 129 S. Ct. 681, ___, 2009 WL 63833, *4 (2009), the Supreme Court recently held that the one-year statute of limitations begins to run anew when a state court grants a criminal defendant the right to file an out-of-time direct appeal. Since the Texas Court of Criminal Appeals denied Petitioner's request for an out-of-time direct appeal, *Jimenez* is inapplicable to this case.

> Whether Molo had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations. The same is so of his claim that the Texas Court of Criminal Appeals erred under state law when it denied his out-of-time appeal.

*Id.* *See also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision.").

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner provides no explanation for the three year delay between the date his state conviction became final and the date he first began seeking an out of time direct appeal. Nor does he provide any reason for the additional seven and one-half month delay between the denial of his state writ and the filing of his federal petition. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4-5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation accepted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

6

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DENY Petitioner's request for an out-of-time appeal and for mandamus relief, and DISMISS the habeas corpus petition with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1),

It is further recommended that the District Court GRANT Petitioner's motion to apply the mailbox rule to the filing of his response to the show cause order.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 29th day of January, 2009.

                                             _____
                                             WM. F. SANDERSON, JR.
                                             UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT**